**Andrea NEAL–ALLEN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Defendant–Appellee.**

**No. 06–15539.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Jan. 31, 2008.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Harvey P. Sackett, Esq., Sackett & Associates, A Professional Law Corp., San Jose, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, SCHROEDER and CLIFTON, Circuit Judges.

## MEMORANDUM **

Andrea Neal–Allen appeals from the district court's summary judgment affirming the Administrative Law Judge's (ALJ) denial of her application for Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Substantial evidence supports the ALJ's determination that Neal–Allen's depression did not "remain 'disabling' for at least 12 continuous months." *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. Neal–Allen was diagnosed with symptoms of depression for a period of, at most, 11 months. Furthermore, several of the diagnoses during this period made it clear that her mental impairment, standing alone, did not rise to the level of severity necessary to be considered disabling under 42 U.S.C. § 423.

Substantial evidence also supports the ALJ's determination that Neal–Allen's subjective complaints about the side effects of her medications were not credible. At the hearing, Neal–Allen indicated that she was taking Elavil to help her sleep at night, and Ultracet to control her pain. She stated that both of these medications made her drowsy. To the extent Neal–Allen was claiming that this drowsiness precluded her from working, substantial evidence supports the ALJ's decision to discredit that testimony. In particular, the ALJ found that "she takes care of three children all day, drives a car, goes to church three times a week, and otherwise leads a normal, active life."

Substantial evidence also supports the ALJ's determination that work "exists in significant numbers" in the regional economy for someone with Neal–Allen's physical limitations. 42 U.S.C. § 423(d)(2)(A). The hypothetical posed by the ALJ to the Vocational Expert (VE) was only required to contain those limitations that the ALJ found credible and supported by substantial evidence. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217–18 (9th Cir.2005). Accordingly, he was not required to include depression in his hypothetical, and the VE's response to his first hypothetical provided substantial evidence to support the ALJ's decision.

Finally, Neal–Allen has failed to demonstrate that her waiver of counsel was anything but knowing and well-informed, nor has she shown any prejudice or unfairness arising from that waiver. *See Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir. 1985).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.